UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BIORX, LLC,

        Plaintiff,

vs.

VOITH HOLDING, INC.
VOITH PAPER FABRIC & ROLL SYSTEMS, INC.,

        Defendants.

Case No.: 16-CV-328

## NOTICE OF REMOVAL

TO:    Clerk of Court
U.S. District Court for the Eastern District of Wisconsin
125 S. Jefferson St., Rm. 102
Green Bay, WI 54301-4541

Clerk of Circuit Court
Outagamie County Courthouse
320 South Walnut Street
Appleton, WI 54911

Atty. Wickham Schmidt
Law Firm of Conway, Olejniczak & Jerry, S.C.
231 South Adams Street
Green Bay, WI 54305-3200

Atty. William K. Flynn
Strauss Troy Co., LPA
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018

PLEASE TAKE NOTICE that Defendants Voith Holding, Inc. ("Voith Holding") and

Voith Paper Fabric & Roll Systems, Inc. ("Voith PFR") (Voith Holding and Voith PFR together

"Voith"), by their attorneys, Michael Best & Friedrich LLP, hereby remove to this Court the action currently pending in Outagamie County Circuit Court as Case No. 16-CV-133.

As grounds for removal, Defendants state that:

1. On or about February 8, 2016, Plaintiff BioRx, LLC ("Plaintiff") commenced Case Number 16-CV-133 against Defendants in Outagamie County Circuit Court by filing a Summons and Complaint. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2. Voith PFR was served with the Summons and Complaint on February 18, 2016, and Voith Holding consents to removal. This Notice is timely under 28 U.S.C. § 1446(b) and is being signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

3. In its Complaint, Plaintiff alleges that it was not reimbursed for all claims submitted to the Voith Group Medical Plan (the "Plan"), which is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. ("ERISA").

4. In its Complaint, Plaintiff also alleges that it was reimbursed for some claims submitted to the Plan on behalf of a Plan participant, but asserts that it should receive a higher rate of reimbursement for benefits than the rate provided for under Plan terms.

5. "A medical care provider who receives benefits from the fund at the behest of a participant is a beneficiary…. Hence, according to the terms of the statute, this dispute is between a fiduciary and a beneficiary; a relationship which is of primary concern under ERISA." *Univ. of Wis. Hosp. & Clinics Auth. V. Southwest Catholic Health Network Corp.,* 14-CV-780, 2015 U.S. Dist. LEXIS 10066, at *13 (W.D. Wis. Jan. 28, 2015) (*quoting Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, 53 F.3d 172, 173-74 (7th Cir. 1995)); *see also Trustmark Life Ins. Co. v. Univ. of Chicago Hosps.*, 207 F.3d 876, 880 (7th Cir.

2000) (internal quotations and citations omitted) ("A medical care provider who receives benefits from the fund at the behest of a participant is a beneficiary. A dispute over restitution… is of primary concern under ERISA.").

6. "A suit to enforce a claim for benefits under an ERISA plan can be brought only under ERISA; parallel state law remedies are preempted." *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 640 (7th Cir. 2007) (citations omitted).

7. Contrary to Plaintiff's assertion in its Complaint, funding benefits partially through stop loss insurance coverage does not cause an ERISA benefit plan to forfeit ERISA preemption of state law, including state insurance regulation. *See Bill Gray Enter., Inc. Emp. Health & Welfare Plan v. Gourley*, 248 F.3d 206 (3rd Cir. 2001); and *American Medical Security, Inc. v. Bartlett*, 111 F.3d 358 (4th Cir. 1997).

8. Plaintiff challenges a partial denial of benefits under an ERISA-regulated plan and ERISA governs this dispute. *See, e.g., Univ. of Wis. Hosp. & Clinics Auth.*, 2015 U.S. Dist. LEXIS 10066, at *10.

9. Accordingly, because Plaintiff's claims are "completely preempted" by ERISA, this civil action falls within the Court's original jurisdiction pursuant to 28 U.S.C. § 1331, and removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004).

10. The removal of this action to this Court does not waive Defendants' ability to assert any defenses in this action, including lack of personal jurisdiction and insufficiency of service of process.

11. A Notice of Filing of Notice of Removal is being filed contemporaneously with the Outagamie County Circuit Court and is also being served on Plaintiff.

WHEREFORE, Defendants have removed this action to this Court in accordance with the statutes cited herein.

Dated this 17th day of March, 2016.

**MICHAEL BEST & FRIEDRICH LLP**

By: S/ *Joseph L. Olson*
Joseph L. Olson, SBN 1046162
Mark A. Lotito, SBN 1081383
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
Telephone: 414-271-6560
Fax: 414-277-0656
jlolson@michaelbest.com
malotito@michaelbest.com

Attorneys for Defendants
VOITH HOLDING, INC.
VOITH PAPER FABRIC & ROLL SYSTEMS, INC.

209522-0001\18723025.4