UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BIORX LLC,

        Plaintiff,

v.                                                   Case No. 16-C-328

VOITH HOLDING INC. and
VOITH PAPER FABRIC & ROLL SYSTEMS INC.,

        Defendants.

---

## ORDER REMANDING CASE

---

BioRx LLC filed a complaint in Wisconsin state court against Voith Holding Inc. and Voith Paper Fabric & Roll Systems Inc. (collectively "Voith"), alleging common law breach of contract, promissory estoppel, negligent misrepresentation, and unjust enrichment, as well as a violation of North Carolina's "pharmacy of choice" statute, N.C.G.S. § 58-51-37. BioRx's claims arise out of Voith's refusal to pay nearly $900,000 for hemophilia medication and related services provided for the care and treatment of the son of one of its employees. Voith removed the case from state court pursuant to 28 U.S.C. § 1441(a) alleging BioRx's state law claims are "completely preempted" by the Employee Retirement Income Security Act of 1974 (ERISA). Shortly thereafter, Voith filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). BioRx filed an opposition to Voith's motion and moved to remand the case to state court pursuant to 28 U.S.C. § 1447. For the reasons below, the motion for remand will be granted and the motion to dismiss denied.

**BACKGROUND**

According to the allegations in the complaint, in late 2012, one of Voith's employees identified BioRx, a "specialty pharmacy," as a potential hemophilia therapy provider for her son. In early 2013, BioRx inquired of representatives of Voith and the third-party administrator of Voith's group employee medical benefit plan (United Heathcare) whether Voith would cover the cost of the medication and treatment. BioRx alleges that Voith assured BioRx it would pay for the medication and informed BioRx that no additional approvals would be required in order to ensure the medications were covered as long as they were billed in a certain way.

In reliance on these alleged representations and promises for payment, BioRx began delivering medication to the employee for treatment of her son on January 25, 2013. BioRx alleges that Voith paid BioRx nearly $700,000 for continued deliveries through April 2013 before denying payment for the first time in June. BioRx nevertheless continued making the deliveries even after Voith denied payment until October 21, 2013, because of the patient's need for the medication and its belief, based on the earlier representations and the parties' course of dealing, that the denial was an "error" by United Healthcare that would be rectified. Ultimately, BioRx delivered product valued at almost $900,000 for which Voith denied and continues to deny payment.

The complaint is somewhat vague about the terms of Voith's benefit plan, but there is no claim the BioRx is entitled to payment under the terms of the plan. BioRx alleges that it does not hold and has never held any assignment of any claim Voith's employee may have under the terms of the plan, and that BioRx's claims do not require any interpretation of the terms of the plan but instead arise independently out of common law and statutory duties. The parties' briefing suggests agreement that the medications provided were not covered under the plan but the existence of a

factual dispute over whether BioRx was promised payment in the absence of coverage.

BioRx filed suit in Wisconsin state court (in the venue in which Voith's principal place of business is located) and Voith removed the action to federal court. As noted above, the complaint contains only state law claims, namely, breach of contract, promissory estoppel, negligent misrepresentation, and unjust enrichment under Wisconsin law, and a violation of North Carolina's "pharmacy of choice" statute, N.C.G.S. § 58-51-37, which generally prohibits a benefit plan from limiting or restricting an eligible employee's choice of pharmacy where the pharmacy has agreed to participate in the benefit plan according to the terms thereof. Thus, unless BioRx's claims are preempted by ERISA, federal jurisdiction is lacking.

## ANALYSIS

Subject matter jurisdiction is the first issue in every federal case. A defendant in state court may remove a civil action to the federal district court embracing the place where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). If original jurisdiction is lacking, the case must be remanded to state court. 28 U.S.C. § 1447(c).

The proponent of federal jurisdiction, here the removing party, bears the burden of establishing the federal jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The parties in this case are non-diverse (each having dual citizenship including the State of Delaware) so Voith alleges jurisdiction exists under 28 U.S.C. § 1331, which confers on district courts original jurisdiction over cases "arising under" federal law.

"A claim usually arises under the law that creates the right of recovery, for only when a well-pleaded complaint depends on a proposition of federal law does the claim arise under federal law." *Lehman v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000). "One corollary of the well-pleaded

3

complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). "In these instances, the federal law has effectively displaced any potential state-law claims. 'When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004)).

"Complete preemption" is not to be confused with "conflict preemption." The former means that Congress has not merely preempted a state law (including a state common law cause of action) to some degree; it means Congress effectively substituted a federal cause of action for a state cause of action. WRIGHT & MILLER, 14B FED. PRAC. & PROC.: JURIS. § 3722.2, at 403 (4th ed. 2009). The consequence of complete preemption is that the plaintiff's claim may be removed to federal court, where it will proceed as if styled as the federal cause of action in the first instance. Conflict preemption is a broader concept. *See Franciscan Skemp*, 538 F.3d at 600 n.3 (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281–82 (11th Cir. 2005)). A state law claim may be subject to a federal preemption defense, i.e. conflict preemption, but that is a substantive defense, not a basis for removal. A preemption defense is not a basis for removal because the federal question arises from the defense, not the claim itself.

Here, Voith argues the doctrine of complete preemption applies. In other words, Voith claims BioRx's state law claims are in reality federal claims arising under Section 502(a)(1)(B) of ERISA. That provision provides a cause of action to a "participant" or "beneficiary" of an employee

4

benefit plan to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). Section 502(a)(1)(B) has been deemed to completely preempt analogous state law claims. *See Davila*, 542 U.S. at 209; *Metro. Life Ins.*, 481 U.S. at 65–66. State law claims that are not completely preempted under this provision, however, may still be subject to conflict preemption under ERISA § 514(a), which provides that ERISA supersedes all state laws that "relate to" employee benefit plans, 29 U.S.C. § 1144(a), but as noted above, conflict preemption is a substantive defense, not a basis for federal jurisdiction.

The parties agree the test for whether ERISA § 502(a)(1)(B) completely preempts a given state law claim was set forth in *Davila*:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B) . . . . In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Franciscan Skemp*, 538 F.3d at 597 (quoting *Davila*, 542 U.S. at 210). In *Franciscan Skemp*, a health care provider contacted the administrator of an employee benefit plan to verify whether the plan participant was covered for certain medical services. The administrator made oral representations that coverage existed. *Id.* at 596. After the services were provided, the participant failed to pay premiums, resulting in the retroactive cancellation of her coverage under COBRA. The plan administrator denied the provider's claim for benefits, and the provider ultimately sued the plan in Wisconsin state court alleging claims of negligent misrepresentation and estoppel. *Id.* The claims

5

were based on the plan administrator's failure to disclose that the participant's coverage was under COBRA and therefore subject to retroactive cancellation. The plan removed the claims to federal court, where the district court then denied the provider's motion for remand and granted the plan's motion to dismiss for failure to state a claim. No. 07-C-387-S, 2007 WL 4403546 (W.D. Wis. Sept. 10, 2007).

The Seventh Circuit reversed, concluding the district court lacked jurisdiction and the case belonged in state court. Although the court of appeals noted that at first glance the provider's claim looked like one arising under ERISA § 502(a)(1)(B), the court explained:

> Franciscan Skemp [the provider] is bringing these claims of negligent misrepresentation and estoppel, not as Romine's [the participant's] assignee, but entirely in its own right. These claims arise not from the plan or its terms, but from the alleged oral representations made by Central States [the plan administrator] to Franciscan Skemp. Franciscan Skemp could bring ERISA claims in Romine's shoes as a beneficiary for the denial of benefits under the plan; but it has not. In fact, Franciscan Skemp does not at all dispute Central States's decision to deny Romine coverage. Franciscan Skemp acknowledges that Romine is not entitled to benefits, because she failed to make her COBRA premium payments. It would be odd indeed, then, to conclude that Franciscan Skemp is standing in Romine's shoes as a beneficiary seeking benefits when Franciscan Skemp acknowledges that Romine is not actually entitled to any benefits. Franciscan Skemp is basing its claims on a conversation to which Romine was not even a party. Thus Franciscan Skemp is not and could not be "standing in her shoes" or asserting her rights. Franciscan Skemp is bringing its own independent claims, and these claims are simply not claims to "enforce the rights under the terms of the plan." ERISA § 502(a)(1)(B).

538 F.3d at 597–98. In short, applying the *Davila* test, the court concluded the claims could not have been brought under ERISA § 502(a)(1)(B), and further that the negligent misrepresentation and estoppel claims derive from duties imposed by state law and apart from ERISA and/or the plan terms. *Id.* at 598–99. The court noted that it would be up to the state court on remand to decide whether the provider's claims were barred by conflict preemption arising under ERISA § 514(a).

6

*Id.* at 601.

Ultimately, *Franciscan Skemp* controls the complete preemption question in this case. In essence, Voith asks this Court to dismiss this case for the same reason the district court did so in *Franciscan Skemp*. But just as in *Franciscan Skemp*, BioRx's claims here could not have been brought under ERISA § 502(a)(1)(B) because BioRx is not a plan participant or plan beneficiary, and the fact that BioRx could have obtained an assignment and brought suit at the behest of a plan participant under § 502(a)(1)(B) is irrelevant because any such claim would be entirely different from the claims BioRx actually asserted. Like the provider in *Franciscan Skemp*, BioRx brought suit in its own right, and it would make no sense to say BioRx could have obtained an assignment to bring its claims because BioRx's claims are based on the statements of Voith and its representatives to BioRx, not to the plan participant. *See also Pennsylvania Chiropractic Ass'n v. Independence Hosp. Indem. Plan, Inc.*, 805 F.3d 926, 929–30 (7th Cir. 2015) (holding that dispute between ERISA plan and preferred providers over the amount providers were to be paid under network contract governed by state contract law).

Voith argues in its response brief and proposed sur-reply that the lack of an assignment does not dictate whether the Court has jurisdiction, which is the issue in the complete preemption context. ECF No. 15 at 3–4; ECF No. 20-1 at 1–3. It is true generally that a "colorable" federal claim provides a basis for federal question jurisdiction even if the claim ultimately lacks merit. But that rule does not change the fact that the claims BioRx actually asserted here are different in kind from an assignee's claim to enforce the terms of an employee benefit plan. And it is only the latter that Congress "completely preempted" with ERISA § 502(a)(1)(B).

The second part of the *Davila* test is also not satisfied here because, as in *Franciscan Skemp*,

7

BioRx's claims depend on duties imposed under state law and independently of ERISA and the plan terms. Voith argues the alleged promises and representations in this case are "intertwined" with the plan and therefore preempted. Defs.' Resp. Br. 7. But this is really an argument for conflict preemption under ERISA § 514(a). As noted above, a claim may be subject to a preemption defense because the state law upon which the claim is based "relates to" an ERISA plan, but that does not provide a basis for removal.

Voith also argue this case is distinguishable from *Franciscan Skemp* because there the provider was told there was coverage whereas here BioRx was warned that there was no coverage. *Id.* The argument is based on emails Voith submits with its motion to dismiss, which Voith urges the Court to consider at the pleading stage because the emails are "central" to BioRx's claims. But even considering the emails and adopting Voith's interpretation of them, it is not clear why the representation to BioRx that there is no coverage would matter for purposes of complete preemption. The point in *Franciscan Skemp* was that the alleged entitlement to payment did not arise from the plan terms, which was highlighted by the fact that both parties agreed the terms did not provide coverage. Likewise here, BioRx interprets the emails as including a promise by Voith to pay for the medications notwithstanding the fact that the medications were not covered by the plan terms. In other words, BioRx claims Voith agreed to make an exception for the medications for this employee's child, and BioRx's claim to payment arises from this separate agreement, not from the terms of the plan. Regardless of the merits of BioRx's claims and of any preemption defense under ERISA § 514(a), it is clear that BioRx's claims are not "completely preempted" by ERISA § 502(a)(1)(B). Accordingly, this Court lacks jurisdiction and BioRx's motion for remand will be granted.

**ORDER**

BioRx's motion for remand is granted, Voith's motion to dismiss is denied, and the case is hereby **REMANDED** to state court. Voith's motion for leave to file a sur-reply in opposition to BioRx's motion for remand is denied because the issues were thoroughly addressed in the prior briefs and because BioRx's reply brief did not raise issues outside what was raised in Voith's response brief. *See University Healthsystem Consortium v. UnitedHealth Group, Incorporated*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (no need for sur-reply where parties had opportunity to thoroughly brief issues and each brief in sequence fairly responded to arguments in preceding brief). The Clerk is directed to mail a certified copy of this order to the Clerk of the Circuit Court for Outagamie County.

So ordered at Green Bay, Wisconsin this   27th    day of June, 2016.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court